## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## NORTHERN DIVISION

RICKIE LEE SHIES, #77415                                          PLAINTIFF

VS.                                          CIVIL ACTION NO. 3:12cv566-LRA

JAMES HOLMAN, ET AL                                          DEFENDANTS

### MEMORANDUM OPINION AND ORDER

The parties appeared and participated in an omnibus hearing before the undersigned United States Magistrate Judge on April 24, 2013, at the Jackson Federal Courthouse in Jackson, Mississippi.  Rickie Lee Shies ("Plaintiff" or "Shies") appeared *pro se*;  Defendants were represented by Keith Gates, Office of the Attorney General of the State of Mississippi, Jackson, Mississippi.  On September 17, 2013, Shies filed a Motion for Injunctive Relief [35] and Defendants filed a Motion for Summary Judgment [36], and these motions are now before the Court.  After consideration of the motions, the supporting pleadings, Shies's sworn testimony, the record, and the applicable law, the Court finds that the motion of Defendants is well-taken and shall be granted.  Shies's Motion for Injunctive Relief shall be denied.

### I. Plaintiff's Claims

Jurisdiction of this case is based upon 42 U.S.C. § 1983.  Plaintiff was housed in the Central Mississippi Correctional Facility (CMCF) in Pearl, Mississippi, as a convicted felon in the custody of these Defendants since his conviction in 2004.  He is now housed at the South Mississippi Correctional Institute (SMCI) in Leakesville, Mississippi.  In

2011, he received a Rules Violation Report (RVR) for possessing contraband, a cell phone [RVR #1214520].  He was placed in segregation lockdown for 35-40 days as punishment before being moved back in general population.  After the 2012 cell phone unit was created in February 2012, he was housed in that unit at CMCF.  According to Plaintiff, this was additional punishment for the same incident and/or RVR and being housed in that cell phone unit violated his constitutional rights.

Plaintiff was transferred to the East Mississippi Correctional Facility (EMCF) on or about July 6, 2012.  During that transfer, his legal property was lost, including copies of his criminal indictment, witness lists, and affidavits regarding other cases.  Some of his commissary items were also lost.

At some point, Plaintiff received another RVR for possessing a cell phone, but he testified that he was unaware of its issuance.  The Incident Report from the Mississippi Department of Corrections [MDOC], contained in Shies's inmate file, confirms that he was charged with having a cell phone on December 21, 2011, and again on March 10, 2012 [36-1, pp. 36-37].  Plaintiff also complains that Defendants at CMCF retaliated against him for filing appeals of his RVRs.

Defendants are all MDOC correctional officers serving at CMCF.  They are Lieutenant James Holman, Superintendent; Lieutenant Sean Banks; Carolyn Banks, serving as an Investigator over disciplinary proceedings; Lieutenant Denise Bones, a disciplinary hearing officer; and, Sergeant Katrina Lee.  Plaintiff also named Captain

Robert Johnson, but that summons was returned unexecuted because there was no record of such person being employed at CMCF.

## II.  Standard of Review

"Summary judgment is appropriate if the moving party can show that 'there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'"  *United States v. Renda Marine, Inc.,* 667 F.3d 651, 655 (5th Cir.2012) (quoting Fed.R.Civ.P. 56(a)).  "A factual dispute is 'genuine' where a reasonable party would return a verdict for the nonmoving party."  *Chiu v. Plano Indep. Sch. Dist.,* 339 F.3d 273, 282 (5th Cir.2003) (quoting *Lukan v. North Forest Indep. Sch. Dist.,* 183 F.3d 342, 345 (5th Cir.1999). When considering a summary judgment motion, a court "must review all facts and evidence in the light most favorable to the non-moving party."  *Juino v. Livingston Parish Fire Dist. No. 5,* 717 F.3d 431, 433 (5th Cir.2013).  However, "[u]nsubstantiated assertions, improbable inferences, and unsupported speculation are not sufficient to defeat a motion for summary judgment."  *Brown v. City of Houston,* 337 F.3d 539, 541 (5th Cir.2003) (citing *Bridgmon v. Array Sys. Corp.,* 325 F.3d 572, 577 (5th Cir.2003); *Hugh Symons Group, plc v. Motorola, Inc.,* 292 F.3d 466, 468 (5th Cir.2002)).

## III.  Discussion

### A.    Eleventh Amendment Immunity

Plaintiff requests that this Court award "general damages" to him in the amount of $1,250,000.00 and punitive damages in the sum of $975,000.00.  Any claim for money damages against Defendants in their official capacity is barred by the Eleventh Amendment.

A claim 'against a state official that is in fact a [claim] against a State is barred regardless of whether it seeks damages or injunctive relief.'" *Pennhurst State School & Hosp. v. Halderman,* 465 U.S. 89, 101 (1984). A cause of action "against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office." *Will v. Michigan Dept. of State Police,* 491 U.S. 58, 71 (1989). A state that has not consented to federal jurisdiction "is immune from suits brought in federal court by her own citizens as well as by the citizens of another state." *Pennhurst,* 465 U.S. at 100.

Shies's official capacity claims against these Defendants are essentially claims against the State of Mississippi. Mississippi has not consented to suit in this Court or otherwise waived its immunity; therefore, neither it nor Defendant prison officials can be held liable for money damages.[1] Shies's claims for monetary damages against the Defendants in their official capacities must be dismissed. Further, any claim for injunctive relief must also be dismissed because the *Ex Parte Young* exception does not apply.

In *Ex Parte Young,* the Supreme Court recognized a narrow exception to Eleventh Amendment immunity which allows a state official to be sued in his or her official capacity for injunctive relief. 209 U.S. 123, 159-160 (1908). "This exception strips the individual state actor of immunity and allows a private citizen to sue that individual in federal court for prospective injunctive relief based on allegations that the actor violated federal law."

---

[1] *See Oliver v. Scott,* 276 F.3d 736, 742 (5th Cir.2002) (the Eleventh Amendment bars claims for money damages asserted against prison officials in their official capacities).

4

*McKinley v. Abbott,* 643 F.3d 403, 406 (5th Cir.2011).  A state official can be sued in his or her official capacity for injunctive relief under § 1983 because "official-capacity actions for prospective relief are not treated as actions against the State." *Kentucky v. Graham,* 473 U.S. 159, 167, n. 14 (1985) (citing *Ex parte Young,* 209 U.S. at 159-160).

In this case, Shies does seek some retroactive injunctive relief, as he requests that the RVRs at issue be removed from his prison record and the consequences revoked.  His request that the Court issue a declaration that these Defendants violated his constitutional rights could be considered a request for prospective relief.  However, the Court finds that the request is made on conclusory allegations, with no factual basis, and is insufficient to overcome the defense of Eleventh Amendment immunity.

Accordingly,  Defendants are entitled to summary judgment on the claims for money damages and injunctive relief asserted against them in their official capacities.

**B.     Qualified Immunity**

"[G]overnment officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Easter v. Powell,* 467 F.3d 459, 462 (5th Cir.2006) (quoting *Harlow v. Fitzgerald,* 457 U.S. 800, 818 (1982)).  "This entitlement, qualified immunity, is "an *immunity from suit* rather than a mere defense to liability; and like an absolute immunity, it is effectively lost if a case is erroneously permitted to go to trial." *Mitchell v. Forsyth,* 472 U.S. 511, 526 (1985) (stating

that qualified immunity is "an entitlement not to stand trial or face the other burdens of litigation" under certain circumstances).

For a government official to be found entitled to qualified immunity, a two-part test is used: a finding that "(1) the plaintiff failed to state a constitutional claim or (2) the defendant's conduct was objectively reasonable in light of the clearly established law." *Easter,* 467 F.3d at 462.  Once the defense of qualified immunity is raised, "the burden shifts to the plaintiff who may rebut entitlement to immunity by demonstrating that 'the official's allegedly wrongful conduct violated clearly established law.'"  *Sama v. Hannigan,* 669 F. 3d 585, 591 (5th Cir.2012) (quoting *Kovacic v. Villarreal,* 628 F.3d 209, 211-12 (5th Cir.2010)).

The Court must first determine whether Plaintiff has stated a constitutional claim against these Defendants in their individual capacities.  His primary claim is that on December 21, 2011, he was issued RVR #1214520 & 1214521 by Defendant Sean Banks for having a cell phone in his locker.  His Incident Record shows that RVR 121520 was for the possession of marijuana.   According to Plaintiff, Sean Banks claimed that he discovered the phone in Plaintiff's locker, but Banks actually did not conduct the search.  Plaintiff charges that Bank fabricated finding the cell phone.

Defendant Carolyn Banks was the disciplinary investigator, and Plaintiff requested her to actually find the person who conducted the search.  She refused.  Lt. Denise Bones was a disciplinary hearing officer who was present during the investigation and heard Plaintiff's complaints of innocence.  Yet, she believed Defendant Sean Banks over Plaintiff.

6

Plaintiff contends that he was innocent of the 2011 RVRs; that the charges were not properly investigated; that he was also punished twice; and, that the appeals were unfairly performed.  He was put in segregation lockdown for 35-40 days in 2011.  Then, in 2012, he was also placed in the CMCF unit for prisoners who had been found in possession of a cell phone.  He was later transferred to East Mississippi Correctional Facility [EMCF].  Plaintiff asserts that his Due Process rights were violated because he was punished twice.

To invoke the protections of the Due Process Clause, Plaintiff must have a protected liberty interest at stake.  A constitutionally protected liberty interest is "limited to freedom from restraint which ... imposes atypical and significant hardships on the inmate in relation to the ordinary incidents of prison life."   *Sandin v. Conner,* 515 U.S. 472, 484 (1995).  Plaintiff's 30-45 day segregation lockdown,[2] and his placement in a cell phone unit, are not "atypical and significant" hardships of prison life.  *Pichardo v. Kinker,* 73 F.3d 612, 613 (5th Cir. 1996) (finding that administrative segregation, without more, does not constitute a deprivation of a constitutionally cognizable liberty interest).  The Court finds that Shies does not have a Due Process right to not be placed in segregation or to not be housed in a special unit for those prisoners who have been charged with possession of a cell phone.

_____

[2]Plaintiff testified that his punishment for the initial cell phone violation was being placed in lockdown for some 35-40 days.  Yet the MDOC records indicate that he received a punishment of the loss of 180 days earned time [36-1, p. 52].   A loss of earned time would invoke Due Process protections.  Because the Court finds that Plaintiff was granted proper notice of the charges and a hearing, his Due Process rights were not violated under the circumstances of this case, regardless of the punishment given.  The records also indicate that Plaintiff may not have had 180 days of earned time (when the punishment was given), so any loss of time was so insignificant that he does not complain.

Even so, Due Process's fundamental requirement is that the prisoner be granted the opportunity be heard "at a meaningful time and in a meaningful manner." *Mathews v. Eldridge,* 424 U.S. 319, 333 (1976) quoting *Armstrong v. Manzo,* 380 U.S. 545, 552 (1965). In reviewing the record and the pleadings, Plaintiff has stated supportive facts that merely show that he disagrees with the RVR charges and the ruling at his hearing and on appeal. Shies also contends that these Defendants failed to properly investigate his RVRs and the cell phone charges. But, the failure to investigate is not a constitutional violation. *Dehghani v. Vogelsang*, 226 F.App'x 404, 406 (5th Cir. 2007) (holding that plaintiff's allegation that warden failed to adequately investigate his grievance did not amount to a constitutional violation).

The United States Supreme Court has held that "the requirements of due process are satisfied if some evidence supports the decision by the prison disciplinary board to revoke good time credits. This standard is met if 'there was some evidence from which the conclusion of the administrative tribunal could be deduced ....'" *Superintendent, Mass. Correctional Inst., Walpole v. Hill,* 472 U.S. 445, 455 (1985) (quoting *United States ex rel. Vajtauer v. Commissioner of Immigration*, 273 U.S. 103, 106 (1927). The evidence in this case is supportive of the findings of guilt, as an officer contended that he found the cell phone in Plaintiff's locker. Whereas this may or may not have been true, fundamental fairness does not require this Court to set aside decisions of prison administrators that "have some basis in fact." *Hill,* 472 U.S. at 456. Plaintiff charged that his locker box was opened when he was "shook down," and that some one put the cell phone in his box. The courts

8

cannot retry every prison disciplinary dispute; rather, the court may act only where arbitrary or capricious action is shown. *Reeves v. Pettcox,* 19 F.3d 1060, 1062 (5th Cir. 1994). Prison disciplinary decisions will be overturned only where there is no evidence whatsoever to support the prison official's decision. *Id.* Shies's MDOC record confirms that he has received at least 43 RVRs during his incarceration from 2004 through 2012. The federal courts cannot act as a reviewing board for prison disciplinary actions.

The record in Shies's case confirms that there was evidence to support his convictions, and due process requirements were satisfied. He was given notice of the charges and the hearing, allowed an opportunity to testify, and was given the opportunity to appeal. Under the circumstances of this case, this satisfies due process, although Plaintiff was not satisfied with the outcome. No constitutional violation has been stated, and Defendants are entitled to qualified immunity from this civil suit.

## C.     Property Loss

Plaintiff also charges that his property was lost when he was transferred from Rankin County (CMCF) to EMCF. This included legal papers and photos, as well as other personal canteen property, and Plaintiff charges that Defendant Lee is the officer who initially confiscated his property. When property is wrongfully taken by prison officials as a result of random and  unauthorized acts, the claim of property deprivation is barred by the *Parratt/Hudson* doctrine. *See Hudson v. Palmer*, 468 U.S. 517, 534 (1984); *Parratt v. Taylor*, 451 U.S. 527, 541 (1981), *overruled in part, Daniels v. Williams*, 474 U.S. 327, 330-31 (1986). It is well- settled that intentional deprivations of property by state officials do not

9

violate the due process clause of the Fourteenth Amendment if adequate post-deprivation remedies exist.  *See Hudson*, 468 U.S. at 533.  This holds equally true for claims of negligent deprivation.  *See Daniels*, 474 U.S. at 330-31; *Davidson v. Cannon*, 474 U.S. 344 (1986).  Shies's case is one of negligent deprivation, but state law may provide an adequate post-deprivation remedy.  *See Hudson*, 468 U.S. at 533-34; *Marshall v. Norwood*, 741 F.2d 761, 763 (5th Cir. 1984).

The State of Mississippi provides at least two post-seizure remedies, including actions for conversion and claim and delivery.  *See Wilson v. General Motors Acceptance Corp.*, 883 So.2d 56, 68-69 (Miss. 2004)(stating the elements for a conversion claim); Miss. Code Ann. § 11-38-1 (claim and delivery).  Further, it has been held that "Mississippi's post-deprivation remedies for civil IFP litigants satisfy due process." *Nickens v. Melton*, 38 F.3d 183, 185 (5th Cir. 1994).  The Court finds that the State of Mississippi provides remedies for Shies, and this claim shall be dismissed.

## IV.  Conclusion

**IT IS THEREFORE ORDERED AND ADJUDGED** that:

That Defendants' Motion for Summary Judgment [36] is hereby **GRANTED**, and Plaintiff's Motion for Injunctive Relief [35] is **DENIED.**

IT IS FURTHER ORDERED that the Complaint is dismissed with prejudice, and a separate Final Judgment in favor of all Defendants shall be entered on this date.

SO ORDERED this the 29th day of August, 2014.


/s/ Linda R. Anderson
UNITED STATES MAGISTRATE JUDGE